## George W. Julian v. William Lucas.

1. BURDEN OF PROOF—*On the Party Holding the Affirmative.*—The party holding the affirmative of an issue must prove it by a preponderance of the evidence.

Assumpsit, on a promissory note. Trial in the Circuit Court of Edgar County; the Hon. HENRY VAN SELLER, Judge, presiding. Finding and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

EADS & EADS and DUNDAS & O'HAIR attorneys for appellants.

T. J. COFFMAN and H. S. TANNER, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was a suit brought by appellee against appellant on a promissory note dated March 1, 1897, for $614.45, due one year after date and drawing interest at the rate of seven per cent per annum from date until paid. A jury was waived and the case tried by the court, and judgment rendered against appellant for $693.78, from which judgment he prosecutes this appeal.

No propositions of law were submitted to the court and no complaint is made of the rulings of the court on the evidence; the only question involved herein being, as stated by appellant's counsel, " whether or not at the time of the execution of the note appellant should have been credited with two payments alleged to have been made by him, as follows: January 1, 1895, $176, and November 14, 1896, $200.00."

The evidence shows that for several years prior to the execution of the note appellee had been making advances, both in cash and in merchandise, to appellant, who, from time to time, as he was able, made payments to appellee on his account; and that the note sued on was given by appellant to appellee as a complete settlement of the account between them at the time of its execution.

Appellant says, however, that he signed the note, insisting at the time that the amount thereof was for more than he owed, as he was entitled to credits for the said two amounts, and that they should have been deducted from the amount of the note; but that appellee induced him to sign the note under a promise that if there was any mistake he would correct it. This claim of appellant's that appellee promised to correct is denied by appellee.

The appellant, by signing the note after the time the alleged payments are claimed to have been made, placed upon himself the burden of proving said payments, and that the note was not for the correct amount.

Only questions of fact are raised in this case. The law is, that the party holding the affirmative of the issue must prove it by a preponderance of the evidence; and upon examining all the evidence herein, we find that appellant has failed to prove the alleged payments by a preponderance of the evidence, and the finding and judgment of the Circuit Court is therefore affirmed.